```
              UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

United States

    v.                                            Criminal No. 06-cr-076-01-PB

Lawrence Stone

**O R D E R**

On June 30, 2011, defendant appeared for a preliminary hearing under Fed. R. Crim. P. 32.1 on two alleged violations of conditions of supervision, as charged in the government's petition dated June 30, 2011 (doc. no. 53).  Defendant is on release from his conviction in 2008 for Interstate Transportation of Stolen Property.

The government alleges that, while on supervised release, defendant violated the conditions of his release by committing the crime of illegal possession and use of a controlled substance (Standard Condition #1) and being unsuccessfully discharged from Hampshire House (special condition requiring defendant to remain at Hampshire House for six months following release from prison).  After a hearing, at which Paul Daniel, U.S Probation Officer, testified for the government, this court issued an order orally from the bench finding that the

government's evidence established probable cause that defendant violated the conditions as charged in the petition.

Defendant sought bail conditions under Rule 32.1(a)(6). The government sought detention. Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community. Based on the evidence presented at the hearing, and for the reasons stated on the record, defendant failed to meet his burden of persuading the court that he poses no danger to any other person or to the community.

The court stated on the record its reasons for detaining defendant. Those reasons are summarized below:

- While the court finds that defendant met the burden of proof on the question of flight risk, the question of danger is a closer question. Ultimately, the court finds that defendant did not meet his high burden of proof on this prong.

- Defendant's extensive criminal record coupled with the fact that he obtained and consumed illegal drugs so quickly following his release from his 96-month sentence (defendant was released in late April and

  consumed marijuana within two months thereafter)
  causes the court great concern.

- Additionally, the evidence showed that defendant admitted his drug use only after being confronted by a staff member of Hampshire House after a positive urinalysis. Defendant did not disclose his relapse during his drug counseling sessions or otherwise seek help from others. The Hampshire House staff found that defendant lacked remorse and had a nonchalant attitude toward the issue. They also had difficulty in getting defendant to comply with basic house rules. It was for all of these reasons that Hampshire House decided to discharge defendant.

- For these reasons, the court is not persuaded by clear and convincing evidence that this defendant would abide by the strict bail conditions the court would impose were it to release the defendant. In light of defendant's criminal history, the risk of danger to the public is too great.

For all of these reasons the court finds that defendant did not meet his burden to show by clear and convincing evidence that his release, even on strict conditions, would pose no

3

danger to any other person or the community. Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: July 1, 2011

cc: Lawrence A. Vogelman, Esq.
    Arnold H. Huftalen, Esq.
    U.S. Marshal
    U.S. Probation